IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| **THE UNITED STATES OF AMERICA** | * |
| v. | * Criminal No. DKC-06-0279 |
| **ROBERT F. WEILER, JR.** | * |

* * * * *

## MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE AND FOR OUT-OF-STATE TRAVEL

Defendant herein, Robert R. Weiler, Jr., through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Michael T. CitaraManis, Assistant Federal Public Defender, hereby requests: (1) a hearing to determine whether a condition that defendant be monitored by a Global Positioning System device is currently necessary, or in the alternative, clarification on how the GPS device is to be utilized by the United States Probation Office and the discontinuance of one of nineteen exclusion zones currently in place; (2) a modification of conditions of supervised release to allow for Weiler to travel to Washington, D.C., and northern Virginia; and (3) an order allowing defendant's travel out of state to visit his grandmothers and other relatives. In support of this motion alleges the following:

1. Robert R. Weiler, Jr. ("Weiler") has been on supervised release and under supervision of the United States Probation Office since November 5, 2011. At the time of a hearing on that day before this Court, it was ordered, in part, that Weiler:

> . . . shall stay at least 1,000 feet away from any facility that is known by the Defendant to provide reproductive health care that includes pregnancy termination/abortion services . . . and shall be subject to the Global Positioning Monitoring Systems (GPS) including exclusion zones as determined by his probation officer.

2. At the time of the hearing, it was understood by undersigned defense counsel and Weiler that the GPS device would be used to make sure Weiler did not enter in any exclusion zones or to detect if and when any Weiler entered into any exclusion zone. It was specifically understood that the GPS would not be used to track Weiler's whereabouts at all times or when he was outside the exclusion zones, or that the memory of his whereabouts would be stored for later use. Immediately after Weiler's hearing before this Court on November 5, 2010, Weiler was installed on the GPS device and nineteen exclusion zones were reviewed with him.

3. It has come to the attention of undersigned defense counsel that Probation is using the GPS device to track Weiler's whereabouts outside the exclusion zones as he has been questioned about why he has visited certain businesses. As pointed out to this Court in a letter prior to the November 15, 2010, hearing: "Congress explicitly mandated that an imposed condition should involve 'no greater deprivation on liberty than is reasonably necessary . . .'." *United States v. Monteiro,* 270 F.3d 465, 472 (7th Cir. 2001) (quoting 18 U.S.C. § 3583(d)(2)). Further, even when out in public, a person does not reasonably expect that their every movement and every place they visit be monitored and recorded every moment of each and every day. Therefore, a person's reasonable expectation of privacy can be violated by the extended use of GPS to monitor a person's movements "since prolonged GPS monitoring reveals an intimate picture of the subject's life that he expects no one to have – short perhaps of his spouse." *United States v. Maynard*, 615 F.3d 544, 562 (C.A.D.C. 2010).

4. Because it appears that the use of GPS by Probation exceeds the original intended purpose of GPS monitoring in this case and Weiler's expectation of privacy is being affected, undersigned defense counsel requests that the need for the GPS device be reviewed by this Court at

a hearing and that the condition of location monitoring by GPS be terminated if no longer necessary. Alternatively, Weiler asks that this Court clarify the parameters of how Probation is to use GPS in monitoring his whereabouts and specifically, undersigned defense counsel asks that this Court direct Probation not to use GPS in any way other than to determine if Weiler has entered an exclusion zone.

5.  In addition, if the condition of location monitoring with GPS is to remain, Weiler also asks this Court to discontinue use of one of the exclusion zones for the reason that this exclusion zone requires Weiler to travel miles out of his way each day in order to drive to and from work.

6.  Also, currently, Weiler's travel is restricted to the State of Maryland. However, the standard travel condition for persons supervised by Probation (or Pretrial Services) in Maryland allows them to travel within Maryland and the Metropolitan D.C. area which included the District of Columbia and the northern counties of Virginia. Weiler asks that he too be allowed to travel to Washington, D.C, and northern Virginia. This is not an unreasonable request and there is no reason to deny such travel.

7.  Finally, Weiler asks that this Court direct that he be allowed to travel out of state to visit his grandmothers. Probation has refused to allow this travel or support Weiler's travel request. In particular, Weiler wishes to visit his grandmother Arlene David and an uncle, Arthur DePoi, in Brookfield, Connecticut between July 11 and July 14, 2011. He also wishes to visit his grandmother Helen Weiler, along with his aunts Mary Weiler and Elizabeth Weiler, in Aurora, Illinois between September 19 and September 26, 2011. Weiler proposes that at all times, he will be in the company of one of his parents. If allowed to travel to Connecticut, he will stay at the home of his grandmother there or uncle; and if allowed to travel to Illinois, he would stay with his grandmother, one of his aunts, or at a local hotel. Prior to departing on either trip, Weiler would provide Probation with more

definite plans with regard to where he will be staying and the contact information to any such place. Weiler wishes to travel to see his grandmothers since he is close to them, they are elderly and not able to travel without difficulty, he has not seen them in some years, and his mother and father each plan to visit their respective mothers anyway.

8.   Undersigned defense counsel knows from prior conversations with Probation that Probation wants Weiler to continue being monitored by GPS and that Probation opposes Weiler's travel out of state.

WHEREFORE, in view of the foregoing and for any other reasons to be raised at a hearing in this matter, undersigned defense counsel requests that this Court hold a hearing and: (A) Either terminate the condition that Weiler be monitored by use of a GPS device. or alternatively, direct that Probation use GPS solely to determine whether Weiler has entered an exclusion zone and not to track or store information for later use regarding his whereabouts at other times and discontinue the one exclusion zone as noted above; and (B) allow for Weiler to travel out of state as requested to visit his grandparents.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
for the District of Maryland

_____/s/_____
MICHAEL T. CITARAMANIS
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Telephone: (301) 344-0600
Fax: (301) 344-0019
Email: michael_citaramanis@fd.org